**Andrew RAPP, Executor of the Estate of John E. Rapp, Deceased,**

v.

**The CITY OF EASTON; Scott C. Cameron Scott C. Cameron, Appellant.**

**No. 02–1607.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 2, 2003.

Decided Sept. 17, 2003.

Before SLOVITER, NYGAARD and ROTH, Circuit Judges.

*OPINION OF THE COURT*

SLOVITER, Circuit Judge.

## I.

### FACTS & PROCEDURAL HISTORY

Appellant Scott C. Cameron, a police officer with the City of Easton at the relevant time, shot and killed John E. Rapp in the course of his employment. Cameron pled guilty to involuntary manslaughter. Thereafter, Andrew Rapp ("Rapp"), the executor for the Estate of John Rapp, brought this action pursuant to 42 U.S.C. § 1983, alleging Cameron violated his constitutional rights by the use of excessive force. Rapp also sued the City of Easton for failure to properly train but voluntarily dismissed that claim before trial. The jury returned a verdict for Rapp and against Cameron in the amount of $472,955. Cameron does not challenge that award on this appeal. Instead, this appeal is limited to the issue of attorney's fees which Rapp sought pursuant to 42 U.S.C. § 1988.

Rapp requested fees and expenses for nine lawyers and one paralegal. After consideration of the objections, the District Court granted in part and denied in part Rapp's motion for attorney's fees, awarding three law firms a total of $163,218.35. Cameron appeals, contending that the District Court erred or abused its discretion in the amount of fees awarded.[1] He does

---

1. The parties consented to trial before Magistrate Judge Thomas J. Rueter pursuant to 28 U.S.C. § 636(c). We therefore refer to the

not contest the findings as to the correct billing rates of Rapp's attorneys. We have jurisdiction over the final decision awarding fees. 28 U.S.C. § 1291.

## II.

## DISCUSSION

### A. Applicable Legal Principles

In a § 1983 action, a successful plaintiff may recover "reasonable" attorney's fees, reasonable in time expended and rate. *See City of Riverside v. Rivera*, 477 U.S. 561, 568, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986); *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir.1990). We review an award of attorney's fees for abuse of discretion. *Rode*, 892 F.2d at 1182 (citing *Institutionalized Juveniles v. Secretary of Public Welfare*, 758 F.2d 897, 909 n. 21 (3d Cir. 1985)). The Supreme Court has noted that a highly deferential standard "is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). On the other hand, "Whether the district court applied the proper standards or procedures is a question of law subject to plenary review." *Rode*, 892 F.2d at 1182 (citing *Student Public Interest Research Group v. AT & T Bell Laboratories*, 842 F.2d 1436, 1442 n. 3 (3d Cir.1988)).

We have stated that the prevailing party's fee application should document "some fairly definite information as to the hours devoted to various general activities," enabling the court to determine if the hours are reasonable. *Pawlak v. Greenawalt*, 713 F.2d 972, 978 (3d Cir.1983) (citation omitted).

### B. Failure to Keep Contemporaneous Time Records

 Cameron's principal contention is that Rapp's counsel failed to provide proper evidence of hours worked. Rapp concedes that his attorneys did not keep contemporaneous records and that the hours for six of the attorneys were reconstructed. The District Court accepted counsel's explanation that they did not keep such records because they usually work on a contingency fee basis. However, the District Court decided that the reconstructed records were "sufficiently detailed to permit the defendant to challenge specific items" and "to permit this court to make a thoughtful determination as to the reasonableness of the services performed." App. at 327. The court "scrutinize[d] them carefully," and denied the plaintiff's request for payment on multiple entries for each lawyer and the paralegal. App. at 327–33. The trial court also found that Rapp did not offer evidence to support the reasonableness of the hourly billing rates of eight of the nine attorneys and the paralegal. As a result, the court reduced the billing rates of four of the attorneys and the paralegal by twenty-five percent and reduced the billing rates of four other attorneys by fifty percent.

The District Court also reduced the hours for five of the nine attorneys and the paralegal because they were either vague, unnecessary, unrelated, excessive or duplicative. Of the attorneys, the District Court reduced Williams's hours from 37.60, to 16.90, Swartz's hours from 53.20 to 30.20, Cohen's hours from 296.35 to 286.70 (pre-judgment) and 12.00 to 9.00 (post-judgment), Rambo's hours from 39.80 to 37.60, and Baldo's from 154.80 to 153.20 (pre-judgment). The court did not

relevant order as entered by the District Court.

change the hours of attorneys Seighman, Baldo (post-judgment), Pulcini, and Ryan, but decreased the paralegal's hours from 178.20 to 142.30 (pre-judgment) and from 30.00 to 25.00 (post-judgment). Because the District Court followed the appropriate procedures in assessing reasonable attorney's fees, its decision will only be overturned for abuse of discretion. It is apparent that the District Court scrutinized the fee application and reduced the hours and rates claimed where it deemed appropriate. We will not disturb that calculation.

## C. Time Spent on Dismissed Claim

■ Cameron contends that Rapp is not entitled to recover legal fees and expenses associated with Rapp's claim against the City of Easton for failure to train. The Supreme Court has stated: "If ... a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensley*, 461 U.S. at 436. However, the failure of some related claims does not mandate a reduction in awards. *See West Virginia Univ. Hosp., Inc. v. Casey*, 898 F.2d 357, 361 (3d Cir. 1990). In this case, the trial court considered the issue and found that Rapp's successful claim was "intertwined" with the failure to train claim and that "the information obtained from the City was integral in the case against Defendant Cameron." App. at 308–09. It therefore properly analyzed the issue and, because the law does not mandate a reduction of the award if some of the claims are unsuccessful under these circumstances, the decision fell within its discretion.

Cameron also argues that the District Court improperly included in the fee award hours associated with the action brought by Rapp's divorced wife on behalf of his daughter. Cameron points in particular to fees awarded to Cohen, who handled that action before it was voluntarily dismissed. In its opinion the District Court stated that it had made "a thorough and careful review of the time entries of the Cohen Firm Attorneys" and its calculation shows that it deducted hours because they were unrelated, vague, excessive or unnecessary. App. at 331. Once again, we will not disturb that calculation.

### III.

### CONCLUSION

Although Rapp's attorneys' failure to contemporaneously document their hours was imprudent, the District Court acted within its discretion when it awarded attorney's fees. For the reasons set forth, we will affirm the order granting attorney's fees.

